IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00836-BNB

SHAABAN SHAABAN HAFED,

Plaintiff,

v.

ROBERT MUELLER,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2008

GREGORY C. LANGHAM
CLERK

___

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED PRISONER COMPLAINT

___

Plaintiff, Shaaban Shaaban Hafed, is in the custody of the United States Bureau

of Prisons and currently is incarcerated at ADX Florence.  On April 11, 2008, Plaintiff

initiated this action by filing a Prisoner Complaint.  Plaintiff asserts jurisdiction in this

case pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau*, 403 U.S.

388 (1971), 18 U.S.C. § 3071, 50 U.S.C. §§ 1806 and 1861, 18 U.S.C. § 3109, and

Rule 41(g) of the Federal Rules of Criminal Procedure.  In the Complaint, Plaintiff

challenges his conviction and sentence and the conditions of his confinement.  Plaintiff

seeks release to home confinement and money damages.

To the extent that Plaintiff seeks release to home confinement, such relief is not

available in a prisoner complaint.  As for Plaintiff's claim that he asserts jurisdiction

pursuant to 18 U.S.C. §§ 3071 and 3109 and  50 U.S.C. §§ 1806 and 1861, his

reliance on these statutes is misplaced.  Plaintiff fails to invoke the language of the

statutes, and he fails to assert any facts that would give rise to a claim under the

statutes. With respect to any claim asserted pursuant to Fed. R. Crim. P. 41(g), when a person seeks the return of property that was the subject of an unlawful search and seizure, he must file a motion in the district where the property was seized. There is no indication from the claims raised in this case that the property in question was seized in the District of Colorado, and an action seeking the return of such property would be appropriate in this Court.

With respect to Plaintiff's false imprisonment claims, his request for money damages appears to be barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87.

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," **Beck v. City of Muskogee**, 195 F.3d 553, 558 (10th Cir. 1999), to recover compensatory damages Plaintiff must prove not only that the search was unlawful, but that it caused him an actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, **Heck**, 512 U.S. at 487 n. 7.

Nonetheless, even if the Court were to find a basis for Plaintiff's illegal search and seizure claim, Plaintiff fails to assert personal participation by properly named

2

defendants in the illegal search and seizure. Plaintiff also fails to assert personal participation by properly named defendants who have deprived him of his constitutional rights in his conditions of confinement. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Court notes, however, that Plaintiff filed a previous case in this Court, *Hafed v. Lappin*, No. 07-cv-01499-ZLW-KMT (D. Colo. Filed July 16, 2007), in which he asserts that pursuant to the Special Administrative Measures (SAM) (1) he is placed in a special security unit; (2) he is held in Colorado far from his home in Indiana; (3) the medications he is given are destroying his liver, heart, kidneys, and stomach; (4) he is prohibited from communicating with his attorney and with his family; (5) he is not allowed enough library or recreation time; and (6) he is not able to work.

To the extent Plaintiff asserts the same conditions of confinement claims in the instant action that he raises in Case No. 07-cv-01499-ZLW-KMT, repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See*

3

*Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has examined its records and is satisfied that the majority of Plaintiff's conditions of confinement claims raised in the instant action are repetitive of the claims he asserts in Case No. 07-cv-01499-ZLW-KMT. Therefore, Plaintiff will be directed to amend the Complaint and assert only claims that are not repetitive of the claims that he raises in Case No. 07-cv-01499-ZLW-KMT. Plaintiff further is instructed that to state a claim in this Court, he must state with specificity what each named Defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Plaintiff file **within thirty days from the date of this Order** an Amended Prisoner Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Prisoner Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hafed, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Prisoner Complaint. It is

4

FURTHER ORDERED that Mr. Hafed submit sufficient copies of the Amended

Prisoner Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Hafed fails to file an original and sufficient

copies of an Amended Prisoner Complaint that complies with this Order, to the Court's

satisfaction and within the time allowed, the Complaint and the action will be dismissed

without further notice.

DATED May 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00836-BNB

Shaaban Shaaban Hafed
Reg. No. 07797-028
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5 28 8

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk