IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-000836-BNB

SHAABAN SHAABAN HAFED,

    Plaintiff,

v.

ROBERT MUELLER, and
BYRON P. FRANZ,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

'JUL 1 6 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

    Plaintiff Shaaban Shaaban Hafed is a prisoner in the custody of the United

States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence.  Mr.

Hafed initiated this action on April 11, 2008, by submitting to the Court a *pro se*

Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed.*

*Bureau of Narcotics*, 403 U.S. 388 (1971).  Magistrate Judge Boyd N. Boland

reviewed the Complaint and entered an order on May 28, 2008, directing Plaintiff to

amend the Complaint, in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492

F.3d 1158, 1163 (10th Cir. 2007), and to assert only claims that are not repetitive of the

claims Plaintiff asserts in *Hafed v. Lappin*, No. 07-cv-01499-ZLW-KMT (D. Colo. Filed

July 16, 2007), which is pending before this Court.

    The Court must construe the Complaint and Amended Complaint liberally

because Mr. Hafed is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110.

Mr. Hafed has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to dismiss **sua sponte** an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Mr. Hafed raises three claims in the Amended Complaint. In Claim One, he asserts that Defendant Robert Mueller violated the U.S. Constitution when, based on racial profiling, he arrested and prosecuted Arabs and Muslim Americans after September 11, 2001, and the FBI attempted to assassinate him during his pretrial detention in Indiana. In Claim Two, Plaintiff asserts Defendant Mueller fabricated charges against Arab and Muslim Americans after September 11, 2001. Plaintiff further asserts in Claim Two that Defendant Byron P. Franz was responsible for the injuries he received as a result of a planned assassination against him by the FBI, while he was held in jail in Indiana pending his criminal trial. Plaintiff also asserts in Claim Two that Defendant Franz was responsible for property being seized from his home in Indiana during an unlawful search and seizure and that the FBI was responsible for imposing restrictions against him under the Special Administrative Measures (SAM) immediately after his sentencing. In Claim Three, Plaintiff asserts that he is entitled to a reward

2

under 18 U.S.C. § 3071 for informing the FBI and his trial judge of a Canadian terrorist plot.

Plaintiff seeks release to home confinement. Release from incarceration to home confinement is not available as relief in a *Bivens* action. Plaintiff also seeks money damages for being attacked, for contracting tuberculosis at ADX Florence, for the damage to his property that was seized, and for the reward due to him under 18 U.S.C. § 3071.

Plaintiff includes a fourteen-page narrative, under Section "C. Nature of the Case," of the complaint form, of the events that took place prior to his arrest and up to the time of his sentencing. The narrative simply is a more detailed statement of the narrative he provided under Section C. of the original Complaint. For the most part in the narrative, Plaintiff asserts that he was wrongfully prosecuted and that he is innocent. Even though Plaintiff asserts that he is not seeking money damages for his false imprisonment, he does assert that he seeks punitive damages for the fabricated charges against him and for the denial of his right to have witnesses testify in his behalf at his criminal trial. As Mr. Hafed was instructed by Magistrate Judge Boland, these claims are barred by the rule under *Heck v. Humphrey*, 512 U.S. 477 (1994), because he has not invalidated his criminal conviction. To the extent that Plaintiff raises any claims regarding the validity of his prosecution and conviction and seeks release from incarceration or invalidation of the conviction and sentence, the claims properly are raised in his criminal conviction, or pursuant to 28 U.S.C. § 2255 in a collateral proceeding, in the sentencing court.

3

As for the allegations in Claim One asserted against Defendant Mueller for allegedly arresting and prosecuting Mr. Hafed based on racial profile, Plaintiff again is challenging the validity of his prosecution and conviction. With respect to his allegations in Claim One that the FBI attempted to assassinate him while he was housed in a jail in Indianapolis, Indiana, prior to his trial, and held him in pre-detention without just cause and in conditions that violated his constitutional rights, this Court lacks proper venue under 28 U.S.C. § 1391 to review the claims. Under § 1391 paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because the actions by named Defendants occurred in Indianapolis, Indiana, venue is improper in this Court.

In Claim Two, Mr. Hafed's claim for damages against Defendant Mueller for fabricating charges against him is barred by *Heck*. All other claims for damages in Claim Two regarding the conditions of his confinement while housed in Indiana, including the attack, and the alleged illegal seizure of property from his home in Indiana, lack proper venue for review by this Court for the reasons stated above. Also, to the extent in Claim Two that Plaintiff asserts his constitutional rights were violated

4

when the FBI subjected him to the SAM restrictions prior to his placement at ADX, the claim lacks proper venue for review by this Court.

To the extent that Plaintiff challenges the conditions of his confinement and asserts his constitutional rights are violated due to the SAM restrictions currently imposed upon him at ADX Florence, the claim is repetitive of the claim he asserts in Case No. 07-cv-01499-ZLW-KMT, and being repetitious, is frivolous or malicious. ***See Bailey v. Johnson***, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); ***Van Meter v. Morgan***, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).

As for Claim Three, under 18 U.S.C. § 3072, this Court has no power or jurisdiction to review a decision by the U.S. Attorney General or the President regarding an individual's entitlement to a reward under 18 U.S.C. § 3071.

The Court, finding no legal basis for Mr. Hafed's claims, will dismiss the Complaint and action as legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this _16_ day of _____July_____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00836-BNB

Shaaban Shaaban Hafed
Reg. No. 07797-028
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _7/16/08_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk